**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW WHITEHEAD, individually and on behalf of other persons similarly situated, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:24-cv-10371 |
| DOT FOODS, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT DOT FOODS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED DISCLOSURE STATEMENT AND NOTIFICATION OF AFFILIATES UNDER SEAL**

COMES NOW, Defendant Dot Foods, Inc. ("Dot Foods"), by and through undersigned counsel, and pursuant to Local Rule 26.2, respectfully moves the Court for leave to file and maintain under seal its Amended Disclosure Statement and Notification of Affiliates ("Amended Disclosure Statement"). In support of this Motion, Dot Foods states as follows:

1. On October 15, 2024, Dot Foods filed a Disclosure Statement and Notification of Affiliates pursuant to Fed. R. Civ. P. 7.1 and LR 3.2 ("Disclosure Statement"), concurrently with its Notice of Removal, which removed this action from the Circuit Court of Cook County, Illinois to this Court. (*See* ECF No. 3.) Dot Foods' Disclosure Statement stated that Dot Foods is not publicly held, it is wholly owned by Dot Holdings Co, a non-public Missouri statutory close corporation, and that no publicly held corporation owns 10 percent or more of Dot Foods' stock. (*See id.*)

2. On October 17, 2024, the Clerk made a Minute before the Honorable Joan B. Gottschall, stating that "Local Rule 3.2(a)'s definition of 'affiliate' requires disclosure of all qualifying ownership interests regardless of whether the interest is publicly or privately held. In

addition, Local Rule 3.2(a) sets the disclosure threshold at five percent rather than ten percent," and instructing Dot Foods "to file an amended notice of affiliates on or before 10/31/2024 and disclose any additional affiliates required by Local Rule 3.2." (*See* ECF No. 9.)

3. In compliance with the Court's directive, Dot Foods prepared, and files simultaneously herewith, an Amended Disclosure Statement identifying by name the entities and individuals owning, directly or indirectly (through ownership of one or more other entities), 5 percent or more of Dot Foods, pursuant to LR 3.2(a).

4. Since Dot Foods is a private, family-owned company, the identities of the entities and individuals with ownership interests in Dot Foods, and associated ownership structure, are sensitive, maintained as confidential, and not disclosed to the public. Public revelation of these names would be invasive and detrimental to the privacy interests of entities and individuals who are not parties to this case.

5. Further, the public has little or no interest in the identities of the entities and individuals with indirect ownership interests in Dot Foods. Such information is for the Court to consider in evaluating potential judicial disqualification and is not necessary for purposes of determining the citizenship of Dot Foods in the context of subject-matter jurisdiction, because Dot Foods is a corporation whose citizenship is determined by its state of incorporation and the location of its principal place of business, which are stated in its Notice of Removal. *See* 28 U.S.C. § 1332(c)(1); Fed. R. Civ. P. 7.1, Committee Notes on Rules—2002 (explaining that information in a party's disclosure statement is intended for the court to consider in evaluating potential grounds for disqualification); Fed. R. Civ. P. 7.1, Committee Notes on Rules—2022 Amendment ("the names of identified persons might be protected against disclosure to other

parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure.”).

6. Accordingly, good cause exists to file and maintain under seal the Amended Disclosure Statement because it contains confidential, sensitive information of non-party entities and individuals. *See, e.g., Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2-3 (N.D. Ill. Oct. 31, 2005) (ordering targeted redactions and sealing of payroll records to protect the identities of non-parties) (“Courts have recognized that non-parties have valid privacy concerns regarding public disclosure of their personnel information . . . If the actual documents need to be filed with the court, non-parties’ names and identifying factors shall be redacted . . . A coded list of non-parties by name may be filed under seal. []”).

7. Pursuant to LR 26.2(c), Dot Foods electronically files simultaneously herewith its Amended Disclosure Statement provisionally under seal and also a public-record version of the Amended Disclosure Statement with the names of the entities and individuals redacted. In addition, pursuant to LR 26.2(e), Dot Foods serves on Plaintiff’s counsel an unredacted version of the Amended Disclosure Statement.

8. Dot Foods’ counsel has conferred with Plaintiff’s Counsel regarding this Motion, and Plaintiff’s counsel does not oppose Dot Foods’ request to file and maintain under seal its Amended Disclosure Statement.

WHEREFORE, Dot Foods respectfully requests that the Court enter an order directing that Dot Foods’ Amended Disclosure Statement be maintained under seal and awarding Dot Foods such other and further relief as is just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: October 31, 2024

By: /s/ Edward T. Pivin

Edward T. Pivin, IL Bar No. 6308081
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: (314) 612-7851
epivin@lewisrice.com

*Attorney for Defendant Dot Foods, Inc.*