**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 24-cv-10371 |
| | ) | |
| vs. | ) | JUDGE: JOAN B. GOTTSCHALL |
| | ) | |
| DOT FOODS, INC., | ) | MAG. JUDGE: KERI L. HOLLEB |
| | ) | HOTALING |
| Defendant. | ) | |

**ORDER**

Defendant DOT Foods, Inc. ("DOT Foods"), moves, ECF No. 11, to seal its amended notice of affiliates listing its indirect owners. Dot Foods argues that "[s]ince [it] is a private, family-owned company, the identities of the entities and individuals with ownership interests in Dot Foods, and associated ownership structure, are sensitive, maintained as confidential, and not disclosed to the public. Public revelation of these names would be invasive and detrimental to the privacy interests of entities and individuals who are not parties to this case." Mot. To Seal ¶ 4. But Dot Foods does not elaborate upon what those privacy interests are or describe the harm that is likely to occur if its indirect owners are publicly identified. *See id.*

This court's Local Rule 26.2(c) requires a party moving to seal to show "good cause" to keep the document out of the public record. In analyzing good cause to seal, "Documents that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (Posner, J., in chambers) (quoting *In re Specht*, 622 F.3d 697, 701 (7th Cir.2010); other citation omitted). The presumption of public access to judicial records "enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Id.* (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98 (1978)). The presumption may be rebutted but

only in a "'very few categories' for which [the Seventh Circuit has] recognized that confidentiality is appropriate." *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020) (per curiam) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) (Easterbrook, J.); other citation omitted); *See also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–46 (7th Cir. 1999)). The presumption of public access therefore applies "even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d at 701 (collecting cases).

In its motion to seal, Dot Foods invokes its indirect owners' privacy interests in a general manner, but it cites no legal authority–no statute, rule, or case law—shielding the identities of its indirect owners from public disclosure. *See* Mot. To Seal ¶ 4. Nor does Dot Foods allege that this information satisfies the elements for trade secret protection. *See id.* Dot Foods has therefore failed to rebut the presumption of public access to its amended notice of affiliates identifying its indirect owners. *See In re Specht*, 622 F.3d at 701.

In addition, this court does not agree with DOT Foods' argument in ¶ 5 of its motion to seal that the public has a minimal interest in learning who is indirectly financially interested in the outcome of this case. Dot Foods correctly asserts that the purpose of requiring a party to disclose ownership interests is to assist the presiding judge with screening the case by identifying financial interests that may require disqualification. *See* 2002 Adv. Committee Note to Federal Rule of Civil Procedure 7.1. But the public also has an interest in monitoring how judges use the information parties provide to make decisions about disqualification. In short, "the public has 'a right to know who is using its courts.'" *Mitze*, 968 F.3d at 691 (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). As the Seventh Circuit has explained:

> Many a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing. . . . Any step that withdraws

> an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.

*Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567–68 (7th Cir. 2000) (internal citations omitted).

Because Dot Foods alleges that public disclosure will harm its indirect owners, it is given until and including November 12,2024, to supplement its motion to seal. Dot Foods must show that a statute, rule, or legally recognized privilege protects the identities of its indirect owners from public disclosure or alternatively that good cause to seal exists for reasons more compelling than the generalized invocations of privacy interests recited in the instant motion. Failure to meet the November 12, 2024, deadline will result in defendant's amended notice of affiliates being unsealed.

Dated: November 5, 2024

/s/ Joan B. Gottschall
United States District Judge