**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW WHITEHEAD, individually and on behalf of other persons similarly situated, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:24-cv-10371 |
| DOT FOODS, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT DOT FOODS, INC.'S SUPPLEMENTAL UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED DISCLOSURE STATEMENT AND NOTIFICATION OF AFFILIATES UNDER SEAL**

COMES NOW, Defendant Dot Foods, Inc. ("Dot Foods"), by and through undersigned counsel, and pursuant to Local Rule 26.2 and the Court's November 5, 2024 Order, respectfully submits this supplemental motion requesting leave to file and maintain under seal its Amended Disclosure Statement and Notification of Affiliates ("Amended Disclosure Statement"). In support of this supplemental motion, Dot Foods states as follows:

1. On October 15, 2024, Dot Foods filed a Disclosure Statement and Notification of Affiliates pursuant to Fed. R. Civ. P. 7.1 and LR 3.2 ("Disclosure Statement"), concurrently with its Notice of Removal. (*See* Def.'s Disclosure Statement & Notification of Affiliates, ECF No. 3.) Dot Foods' Disclosure Statement stated that Dot Foods is not publicly held, it is wholly owned by Dot Holdings Co., a non-public Missouri statutory close corporation, and that no publicly held corporation owns 10 percent or more of Dot Foods' stock. (*See id.*)

2. On October 17, 2024, the Clerk made a Minute entry before the Honorable Joan B. Gottschall, stating that "Local Rule 3.2(a)'s definition of 'affiliate' requires disclosure of all qualifying ownership interests regardless of whether the interest is publicly or privately held. In

addition, Local Rule 3.2(a) sets the disclosure threshold at five percent rather than ten percent," and instructing Dot Foods "to file an amended notice of affiliates on or before 10/31/2024 and disclose any additional affiliates required by Local Rule 3.2." (*See* Notification of Docket Entry, ECF No. 9.)

3. In compliance with the Court's directive, on October 31, 2024, Dot Foods filed an Amended Disclosure Statement identifying by name the entities and individuals owning, directly or indirectly (through ownership of one or more other entities), 5 percent or more of Dot Foods, pursuant to LR 3.2(a). Dot Foods filed that Amended Disclosure Statement provisionally under seal, and, in conjunction therewith, Dot Foods filed an Unopposed Motion for Leave to File its Amended Disclosure Statement Under Seal (the "Motion"). (*See* Def.'s Mot. for Leave to File Am. Disclosure Statement & Notification of Affiliates Under Seal, ECF No. 11.)

4. On November 5, 2024, the Court entered an Order, ordering Dot Foods to supplement its Motion with authority and information supporting the existence of good cause to keep its Amended Disclosure Statement sealed. (*See* Order, ECF No. 15.) Dot Foods files this Supplemental Motion pursuant to the Court's Order.

5. "Documents that affect the disposition of federal litigation are presumptively open to public view." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (citations omitted). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Decisions less central to merits resolutions implicate lesser right-to-access considerations[.]" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal alteration omitted) (citation omitted).

6. Importantly, "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (internal alteration omitted) (citation omitted).

7. "Third-party privacy interests, in particular, have been referred to as a venerable common law exception to the presumption of access and weigh heavily in a court's balancing equation." *Id.* (internal quotations omitted) (citations omitted). *See also United States v. Smith*, 776 F.2d 1104, 1115 (3d Cir. 1985) ("The overriding interests that the trial judge acted to protect were interests of a character that this court has previously recognized as worthy of protection in a similar context - the reputational and privacy interests of third parties."); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-cv-00018-D, 2018 U.S. Dist. LEXIS 1459, at *2 (E.D.N.C. Jan. 4, 2018) ("The privacy interest of non-parties are compelling interests that justify sealing."); *Cirillo v. Nkansah*, No. CV096003685, 2009 WL 5698513, at *1 (Conn. Super. Ct. Dec. 30, 2009) ("The privacy interests of the non-party as to their personal tax return information overrides the public's interests in viewing said information."). Further, "[f]inancial records of a wholly owned business, family affairs, . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Kravetz*, 706 F.3d at 62 (citation omitted).

8. As explained in the Declaration submitted herewith, Dot Foods is a private, family owned company. (*See* Decl., Exhibit A, at ¶ 2.) As such, certain individuals who are not parties to this action have ownership interests in the company. (*See id.*) The identities of those individuals, and the nature, extent, and structure of their respective ownership interests in Dot Foods, is not publicly known. (*See id.* at ¶ 3.) To the contrary, that information is considered personal and sensitive financial information that is kept confidential and not shared with third

parties, with the limited exception of disclosures to professional advisors with a need to know, including, for example, legal, financial, and tax advisors. (*See id.* at ¶ 4.)

9. Pursuant to Local Rule 3.2(a) and this Court's October 17, 2024 Minute Entry, Defendant Dot Foods filed its Amended Disclosure Statement identifying by name several individuals and an entity that each respectively have an indirect ownership interest in Dot Foods of 5 percent or more. (*See* Def.'s Am. Disclosure Statement & Notification of Affiliates, ECF 13.)

10. Unsealing this information would have the effect of publicizing the names of these individuals, and, by virtue of their having satisfied the criteria in Local Rule 3.2(a), revealing information about their ownership interest in Dot Foods, including the nature and extent of each of their respective interests.

11. These individuals are not litigants—they are not parties to this action. They have not placed their financial conditions at issue by asserting any claims, nor have they been named as defendants. Their identities, and the nature and structure of their indirect ownership interests in Dot Foods, are not relevant to the merits of the action, which is based on allegations that driver-facing dashcams in Dot Foods' trucks allegedly capture scans of facial geometry in violation of the Illinois Biometric Information Privacy Act.

12. Unsealing the Amended Disclosure Statement would place in the publicly accessible Court docket personal and sensitive financial information that has heretofore been maintained as confidential and not disclosed to third parties, much less the general public or other participants in the market in which Dot Foods operates. (*See* Decl., Exhibit A, at ¶¶ 3-5.) This would make confidential and sensitive financial information of non-party individuals who have not filed any claims or placed their financial condition at issue, and whose conduct is not

relevant to this action, available to the public, including business associates and competitors, to potentially use as a "vehicle for improper purposes." As explained in the accompanying Declaration, public disclosure of this information would invade the privacy interests that these individuals have protected and maintained in information related to the nature, scope, and extent of their financial and business holdings, which could be detrimental to these individuals in their business dealings and personal relationships. (*See* Decl., Exhibit A, at ¶ 5.)

13. Further, the public's interest in the identities of the individuals and entity with certain indirect ownership interests in Dot Foods is significantly diminished. These individuals and the entity are not parties to this case, their conduct is not at issue, and their financial information (including ownership interests in Dot Foods) is not relevant to the merits of this action. Moreover, this information is not necessary for purposes of determining the citizenship of Dot Foods in the context of subject-matter jurisdiction, because Dot Foods is a corporation whose citizenship is determined by its state of incorporation and the location of its principal place of business, which are stated in its Notice of Removal. *See* 28 U.S.C. § 1332(c)(1); Fed. R. Civ. P. 7.1, Committee Notes on Rules—2022 Amendment ("the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure."). The identities and financial information about these non-party individuals is no way "central to [the] merits" of the case.

14. Accordingly, good cause exists to maintain Dot Foods' Amended Disclosure Statement under seal. *See, e.g., Golden Triangle #3, LLC v. RMP-Mallard Pointe, LLC*, No. 19 CVS 13580, 2021 WL 2030354, at *3 (N.C. Super. Ct. Apr. 12, 2021) (Where the "disclosure of these financial figures 'serve[s] no useful purpose to the public' and 'would harm [the non-

parties'] interest in keeping the specifics of [their] finances … private[,]' . . . these contentions justify sealing. . . because special consideration should be given to the privacy interests of non-parties[.]"); *Mancheski v. Gabelli Grp. Cap. Partners*, 835 N.Y.S.2d 595, 598 (N.Y. App. Div. 2007) ("There was a compelling interest in sealing the third-party financial information since disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein[.]"); *Onex Credit Partners, LLC v. Atrium 5 LTD.*, No. CV 13-5629 (JMV), 2017 WL 4284490, at *3 (D.N.J. Sept. 27, 2017) ("Mr. Kovensky is not a party to this litigation and consequently has not put his financial information at issue . . . there is no public interest in this information. . . . Accordingly, the Court grants [the Plaintiff's] motion to seal."); *Krivulka v. Lerner*, No. CV 20-9724-CCC-AME, 2024 WL 4318735, at *3 (D.N.J. Sept. 27, 2024) ("[D]espite the presumption in favor of public access to court dockets, the interests of the parties and non-parties in preserving their legitimate privacy concerns and protecting such parties and non-parties from harm strongly outweighs any public interest[.]"); *Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2-3 (N.D. Ill. Oct. 31, 2005) (internal citations omitted) (ordering targeted redactions and sealing of payroll records to protect the identities of non-parties) ("Courts have recognized that non-parties have valid privacy concerns regarding public disclosure of their personnel information . . . If the actual documents need to be filed with the court, non-parties' names and identifying factors shall be redacted . . . A coded list of non-parties by name may be filed under seal. []").

15. Pursuant to LR 26.2(c), Dot Foods previously filed its Amended Disclosure Statement provisionally under seal and also a public-record version of the Amended Disclosure Statement with the names of the entities and individuals redacted. In addition, pursuant to LR

26.2(e), Dot Foods served on Plaintiff's counsel an unredacted version of the Amended Disclosure Statement.

16. Dot Foods' counsel previously conferred with Plaintiff's Counsel regarding its request to file its Amended Disclosure Statement under seal, and Plaintiff's counsel does not oppose Dot Foods' request to file and maintain under seal its Amended Disclosure Statement.

WHEREFORE, Dot Foods respectfully requests that the Court enter an order directing that Dot Foods' Amended Disclosure Statement be maintained under seal and awarding Dot Foods such other and further relief as is just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: November 12, 2024

By: /s/ Edward T. Pivin
Edward T. Pivin, IL Bar No. 6308081
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: (314) 612-7851
epivin@lewisrice.com

*Attorney for Defendant Dot Foods, Inc.*