**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW WHITEHEAD, individually and on behalf of other persons similarly situated, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:24-cv-10371 |
| DOT FOODS, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT DOT FOODS, INC.'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

COMES NOW Defendant Dot Foods, Inc. ("Dot Foods" or "Defendant"), by and through its undersigned counsel, and hereby files its Answer and Affirmative and Additional Defenses to the "Class Action Complaint" (hereinafter, the "Complaint"), filed by Plaintiff Matthew Whitehead ("Plaintiff"):

**"INTRODUCTION"**

1. BIPA defines a "biometric identifier" as a personal feature that is unique to an individual, including face geometry, retina scans, and iris scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

**RESPONSE: Paragraph 1 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 1 contains a full, complete, and accurate recitation of Section 10 of the Illinois Biometric Information Privacy Act ("BIPA"), and further states that BIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 1 that are inconsistent therewith. Dot Foods lacks knowledge and information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 1 and, therefore, denies the same.**

2. This case concerns the misuse of individuals' biometrics by Defendant. Defendant is a company that operates a fleet of trucks and tractor-trailers, including in the State of Illinois. Using an in-cab biometric camera that points towards the driver of the truck-Plaintiff and other class members-Defendant captures, collects, or otherwise uses the biometrics of Plaintiff and other class members, without their informed written consent as required by law, in order to track their employment and work performance. When carried out in Illinois, these practices violated BIPA as to Plaintiff and the class members.

**RESPONSE: The allegations in paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 2, including, without limitation, the allegations that Dot Foods engaged in any "misuse of individuals' biometrics," that it uses "an in-cab biometric camera," that it "captures, collects, or otherwise uses the biometrics of Plaintiff and other class members," and that it "violated BIPA as to Plaintiff and the class members."**

3. BIPA provides, inter alia, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform the person whose biometrics are to be collected in writing that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receive a written release from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

**RESPONSE: Paragraph 3 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 3 contains a full, complete, and accurate recitation of Section 15 of BIPA, and further states that BIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 3 that are inconsistent therewith. Dot Foods denies any remaining allegations in paragraph 3.**

4. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an informed decision when electing whether to provide or withhold biometrics.

**RESPONSE: Paragraph 4 consists of legal assertions, opinions, and subjective characterizations of purported statutory provisions, not factual allegations, to which no response is required. To the extent a response is deemed required, Dot Foods states that BIPA, including any purported "compliance" "requirements" contained therein, speak for themselves, are the best evidence of their contents, and Dot Foods denies any allegations and characterizations in paragraph 4 that are inconsistent therewith, including Plaintiff's attempted characterizations of BIPA in paragraph 4. Dot Foods denies any remaining allegations in paragraph 4.**

5. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 7 40 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

**RESPONSE: Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 5 contains a full, complete, and accurate recitation of Section 5 of BIPA, and further states that BIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 5 that are inconsistent therewith. Dot Foods denies any remaining allegations in paragraph 5.**

6. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

**RESPONSE: Paragraph 6 consists of legal conclusions to which no response is required. To the extent a response is deemed required, BIPA and its legislative history speak for themselves, are the best evidence of their contents, and Dot Foods denies any allegations in paragraph 6 that are inconsistent therewith. Dot Foods lacks knowledge and information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 6 and, therefore, denies the same.**

7. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating their state biometric privacy rights.

**RESPONSE: Paragraph 7 consists of characterizations of the Complaint and legal conclusions to which no response is required. To the extent a response is deemed required, Dot Food denies that it engaged in conduct "violating" the "state biometric privacy rights" of Plaintiff or any putative class members. Responding further, the Complaint speaks for itself in terms of the allegations and claims asserted, and remedies requested, and Dot Foods denies any characterizations or allegations in paragraph 7 that are inconsistent therewith. Dot Foods denies that Plaintiff is entitled to any damages or remedies from Dot Foots whatsoever, including any damages or remedies requested in the Complaint. Dot Foods denies any remaining allegations in paragraph 7.**

8. Individually, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**RESPONSE: Paragraph 8 consists of characterizations of the Complaint and legal conclusions to which no response is required. To the extent a response is deemed required, the Complaint speaks for itself in terms of the remedies requested, and Dot Foods denies any characterizations or allegations in paragraph 8 that are inconsistent therewith. Dot Foods denies that Plaintiff is entitled to any damages or remedies from Dot Foots whatsoever, including any damages or remedies requested in the Complaint. Dot Foods denies any remaining allegations in paragraph 8.**

**"PARTIES"**

9. Plaintiff is an Illinois resident who was subject to the same biometric-collection practices as other of Defendant's truck drivers within the State of Illinois.

**RESPONSE: Dot Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's residency, and, therefore, denies the same. Dot Foods denies the remaining allegations in paragraph 9, including,**

**without limitation, the allegation that Dot Foods has or had any "biometric-collection practices".**

10. Defendant is a domestic for-profit corporation doing business in the State of Illinois and violated BIPA within the State of Illinois.

**RESPONSE: Dot Foods admits that it is a corporation incorporated under the laws of the State of Illinois and that it conducts business in the State of Illinois. The remaining allegations in paragraph 10 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies those allegations, including, without limitation, the allegation that Dot Foods "violated BIPA within the State of Illinois."**

**"JURISDICTION AND VENUE"**

11. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the United States Constitution because Defendant is an Illinois corporation that does business extensively in Illinois and because Plaintiffs claims arise out of Defendant's unlawful in-state actions as Defendant captured, collected, stored, and used Plaintiffs facial biometric identifiers and/or biometric information in this State.

**RESPONSE: The allegations in paragraph 11 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods admits only that it is a corporation incorporated under the laws of the State of Illinois and that it conducts business in the State of Illinois. Dot Foods denies any and all remaining allegations in paragraph 11, including, without limitation, the allegations that Dot Foods engaged in any "unlawful in-state actions" and that Dot Foods "captured, collected, stored, and used Plaintiffs facial biometric identifiers and/or biometric information in this State."**

12. Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because Defendant does business in Cook County and thus resides there under 735 ILCS 5/2-102, and because certain of the transactions out of which this cause of action arises occurred in Cook County as Plaintiff and other class members had their facial biometrics collected by Defendant in Cook County.

**RESPONSE: The allegations contained in paragraph 12 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that venue is proper in Cook County, Illinois, denies that it "resides**

**there," and denies that "transactions out of which this cause of action arises occurred in Cook County". Responding further, Dot Foods states that venue is statutorily proper before this Court, because Plaintiff originally filed this action in the Circuit Court of Cook County, Illinois, and the United States District Court for the Northern District of Illinois, Eastern Division is the "district court of the United States for the district and division within which [the state-court action] [was] pending" at the time this action as removed. *See* 28 U.S.C. §§ 93(a)(1), 1446(a). Dot Foods denies any and all remaining allegations in paragraph 12.**

## "DEFENDANT'S AI CAMERA"

13. With advancements in artificial intelligence and facial biometric technology, different industries have been implementing such technology to remotely monitor employees.

**RESPONSE: Dot Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and, therefore, denies the same.**

14. During Plaintiff's employment with Defendant (and within the five years preceding the filing of Plaintiffs complaint), Defendant used AI powered cameras within its trucks that scan the facial geometry of Plaintiff and other class members to continuously remotely monitor its employees' performance and driving behaviors.

**RESPONSE: Dot Foods denies the allegations contained in paragraph 14.**

15. Defendant's biometric cameras work by extracting biometric information from individuals, such as facial geometry, retina scans, or iris scans, to monitor their work performance while driving. The camera achieves this by collecting the biometrics of Defendant's drivers on the camera itself, and then analyzing that stored data.

**RESPONSE: The allegations contained in paragraph 15 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 15.**

16. Defendant has a separate biometric camera installed in each of its trucks to monitor each driver. This allows Defendant to associate the information from each of its respective biometric cameras with a particular individual.

<u>**RESPONSE**</u>**: Dot Foods denies the allegations contained in paragraph 16.**

17. Defendant installed and maintained in its trucks Samsara driver-facing cameras. These driver-facing cameras were enabled with artificial intelligence technology that Defendant used to monitor Plaintiff and its other drivers for inattention.

<u>**RESPONSE**</u>**: Dot Foods denies the allegations contained in paragraph 17.**

18. The below screenshot from a Samsara promotional video shows that the Samsara camera scans a driver's facial geometry in order to monitor driver behavior.




*See* https://www.youtube.com/watch?v=_eFovbGOTRo (last visited Sep. 15, 2024).




FIG. 6A




FIG. 6B

**<u>RESPONSE</u>: Dot Foods lacks knowledge and information sufficient to form a belief as to the source, date, creation, content, and authenticity of the image reproduced in paragraph 18 of the Complaint, and, therefore, denies the allegations in paragraph 18 related thereto. Responding further, Dot Foods denies that the driver-facing dashboard cameras scan a driver's facial geometry in order to monitor driver behavior. Dot Foods denies any remaining allegations in paragraph 18.**

19. As demonstrated by Samsara's patent documents (excerpted below), Samsara's driver-facing cameras detect a person's head and head "pose" and then "extract" facial "features" to "identify an area, perimeter, diagonals, etc. of the face."'

*See* https://patents.google.com/patent/USI 1386325B1/. (Last visited Sep. 15, 2024).

**RESPONSE: Dot Foods lacks knowledge and information sufficient to form a belief as to the source, date, creation, content, and authenticity of the image reproduced in paragraph 19 of the Complaint, and, therefore, denies the allegations in paragraph 19 related thereto. Responding further, Dot Foods states that the patent purportedly quoted and excerpted from in paragraph 19 is the best evidence of its contents, and Dot Foods denies any allegations or characterizations in paragraph 19 that are inconsistent herewith. Dot Foods lacks knowledge and information sufficient to form a belief as the truth of any remaining allegations in paragraph 19, and, therefore, denies the same.**

**"FACTS SPECIFIC TO PLAINTIFF"**

20. Plaintiff is an Illinois resident who worked for Defendant as a truck driver from 2021 into 2024.

**RESPONSE: Dot Foods lacks knowledge and information sufficient to form a belief as the truth of the allegations regarding Plaintiff's residency, and, therefore, denies the same. Dot Foods denies the remaining allegations in paragraph 20.**

21. During Plaintiffs employment with Defendant, Defendant used Samsara AI powered cameras to continuously remotely monitor what he was doing while driving and strictly enforce how he performed his job.

**RESPONSE: Dot Foods denies the allegations contained in paragraph 21.**

22. For example, Defendant's camera in the truck driven by Plaintiff would provide a "distracted" alert when Plaintiff changed his head and face position by taking a drink of a beverage, reaching for something on the floor, or looking to the side for longer than the preset amount of time.

**RESPONSE: Dot Foods denies the allegations contained in paragraph 22.**

23. When Defendant's AI powered camera detected what it determined was "distracted" driving by Plaintiff, it would transmit an alert to Defendant's office and Plaintiff would receive a call from Defendant informing him that he had a "distracted" driving event.

**RESPONSE: Dot Foods denies the allegations contained in paragraph 23.**

24. Plaintiff had to undergo biometric collection and monitoring as a requirement for employment and managerial purposes, as Defendant's vehicles came equipped with a biometric camera. These collections of Plaintiffs facial geometry occurred whenever Plaintiff drove for Defendant, including within the State of Illinois.

**RESPONSE: Dot Foods denies the allegations contained in paragraph 24.**

25. Before taking Plaintiffs biometrics, Defendant did not inform Plaintiff in writing that his biometrics were being recorded, stored, used, and/or disseminated, or the purpose and length of term for which his biometrics would be collected, stored, used, and/or disseminated.

**RESPONSE: Dot Foods denies the allegation contained in paragraph 25, including, without limitation, the allegations that Dot Foods took Plaintiff's "biometrics," and that it "recorded, stored, used and/or disseminated" Plaintiff's "biometrics."**

26. Nor did Defendant publish any written policy about its collection, retention, use, deletion, or dissemination of biometrics.

**RESPONSE: Dot Foods denies the allegations contained in paragraph 26, including, without limitation, the allegation that Dot Foods collected, retained, used, or disseminated "biometrics."**

27. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his facial biometrics through the cameras utilized by Defendant in its trucks.

**RESPONSE: Dot Foods denies the allegation contained in paragraph 27, including, without limitation, the allegations that Dot Foods collected, used, stored or disseminated "facial biometrics through the cameras utilized by Defendant in its trucks."**

**"CLASS ALLEGATIONS"**

28. Plaintiff brings this action on behalf of himself and similarly-situated individuals and seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

***"All individuals who worked as drivers for Defendant in Illinois during the relevant statute of limitations and were subject to Defendant's driver-facing camera monitoring system."***

**RESPONSE: Dot Foods admits only that Plaintiff purports to bring this action on behalf of himself and a putative class. Dot Foods denies that Plaintiff is a proper or appropriate representative of the putative class, denies that the alleged class in paragraph 28 is proper, denies that the alleged class in paragraph 28 can or should be certified, and denies that this action is appropriate for class certification. Dot Foods denies any remaining allegations in paragraph 28.**

29. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

**RESPONSE: Dot Foods admits only that Plaintiff purports to exclude certain persons from the putative "Class." Except as expressly admitted herein, Dot Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and, therefore, denies the same.**

30. Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801(1), the number of persons within the class is believed to amount to more than forty persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to Plaintiff and the class, which common questions predominate over any questions affecting only

individual members; these common questions of law and fact include, without limitation:

i. Whether the camera monitoring system utilized by Defendant collected drivers' facial biometrics;

ii. Whether Defendant's conduct is subject to BIPA;

iii. Whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

iv. Whether Defendant obtained a written release (as defined in 740 ILCS 14/10) before capturing, collecting, or otherwise obtaining the Plaintiffs and the Class's biometric identifiers and/or biometric information;

v. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

vi. Whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently; and

vii. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

(c) Given the fact that Defendant's workers will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notice violations for fear of retaliation;

(d) The class representatives, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiffs counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiffs counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all patties and to the court system resulting from

multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

**RESPONSE: Paragraph 30 consists of lengthy and vague legal assertions and conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that class treatment is appropriate for this case, denies that Plaintiff is a proper or appropriate representative of the putative class, denies Plaintiff's allegations regarding Dot Foods and its records, and denies any and all remaining allegations in paragraph 30.**

31. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**RESPONSE: Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 31.**

**"COUNT I"**
**"Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq.,**
**(On behalf of Plaintiff and the Class)"**

32. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

**RESPONSE: Dot Foods incorporates by reference as though fully set forth herein its responses to the allegations contained paragraphs 1 through 31 of the Complaint.**

33. Defendant is a private entity under BIPA.

**RESPONSE: The allegations contained in paragraph 33 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods admits only that it is a privately held corporation incorporated under the laws of the State of Illinois. Dot Foods denies any remaining allegations in paragraph 33.**

34. Defendant recorded, collected, and stored Plaintiffs and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act while they drove for Defendant in Illinois. Every instance of Defendant collecting, capturing, and/or storing Plaintiffs and class members' biometric identifiers and biometric information constitutes a violation of the Act.

**RESPONSE: Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations in paragraph 34.**

35. Defendant violated Section 14/15(a) of the Act by failing to provide a publicly available written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying biometric identifiers and biometric information they store.

**RESPONSE: Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations in paragraph 35, including, without limitation, the allegations that it "stored" "biometrics," "biometric identifiers," or "biometric information."**

36. Defendant violated Section 14/15(6) of the Act by collecting, capturing, obtaining and storing Plaintiffs and class members' biometric identifiers and/or information without first informing them in writing and obtaining a written release, that:

(a) The biometrics were being recorded, obtained, collected, or stored; and

(b) The specific purpose and length of term for which the biometrics were being collected, captured, obtained, and/or stored.

**RESPONSE: Paragraph 36 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 36, including, without limitation, the allegations that Dot Foods engaged in any "collecting, capturing, obtaining and storing Plaintiffs and class members' biometric identifiers and/or information".**

37. By operating a biometric monitoring system for efficient employee management without the privacy protections required by BlPA, Defendant profited from Plaintiffs and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendant knew, or was reckless in not knowing, that the biometric systems it used would be subject to the provisions of BIPA, yet wholly failed to comply with the statute.

**<u>RESPONSE</u>: Paragraph 37 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 37, including, without limitation, the allegations that Dot Foods was "operating a biometric monitoring system for efficient employee management without the privacy protections required by BlPA," that Dot Foods "profited from Plaintiffs and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c)," and that Dot Foods "knew, or was reckless in not knowing, that the biometric systems it used would be subject to the provisions of BIPA, yet wholly failed to comply with the statute."**

38. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements that have been in effect in Illinois since 2008. Alternatively, Defendant negligently failed to comply with BIPA.

**<u>RESPONSE</u>: Paragraph 38 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies the allegations contained in paragraph 38, including, without limitation, the allegations that Dot Foods engaged in any "violations of BIPA" or that it "failed to comply with BIPA," whether knowingly, willfully, recklessly, negligently, or otherwise.**

39. BIPA provides for statutory damages of $5,000 for willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for negligent violations of BIPA. 740 ILCS 14/20(1).

**<u>RESPONSE</u>: Paragraph 39 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Dot Foods denies that paragraph 39 contains a full, complete, and accurate recitation of Section 20 of BIPA, and further states that the BIPA speaks for itself, is the best evidence of its contents, and Dot Foods denies any allegations in paragraph 39 that are inconsistent therewith. Dot Foods denies any remaining allegations in paragraph 39.**

40. Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

**<u>RESPONSE</u>: The allegations in the Complaint speak for themselves regarding the relief Plaintiff purports to seek in this action, and Dot Foods denies any characterizations thereof in paragraph 40 that are inconsistent with the Complaint. Responding further, Dot Foods denies that Plaintiff, individually or on behalf of any putative alleged class, is entitled to any relief from Dot Foods whatsoever, including any statutory damages, costs, or reasonable attorneys' fees. Dot Foods denies any remaining allegations in paragraph 40.**

"PRAYER FOR RELIEF"

Plaintiff asks the court to enter judgment in Plaintiff's favor against Defendant and issue an order:

(a) Certifying this case as a class action, naming Plaintiff as class representative and Plaintiff's counsel as class counsel;

(b) Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

(c) Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

(d) Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

(e) Awarding reasonable attorneys' fees and costs of this action;

(f) Awarding pre-judgment and post judgment interest on all monetary amounts awarded in this action; and

(g) Awarding such other general and equitable relief as this Court deems equitable and just.

**<u>RESPONSE</u>: Dot Foods denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" following paragraph 40 of the Complaint, denies that it violated BIPA, denies that it engaged in any wrongdoing, denies that this case is appropriate or suitable for class certification, denies that Plaintiff or any member of the putative class are entitled to any relief from Dot Foods whatsoever, and denies any and all remaining allegations contained in the "Prayer for Relief."**

*　　*　　*

**Dot Foods denies each alleged violation of law contained in the Complaint and also denies each and every allegation in the Complaint that is not specifically answered otherwise.**

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Dot Foods alleges the following affirmative and additional defenses to Plaintiff's Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable law and without conceding that Plaintiff is entitled to recover on any of his purported claims. By raising the defenses herein and alleging facts in support thereof, Dot Foods does not assume the burden of proof as to any issues or facts that fall within the scope of Plaintiff's claims, nor does Dot Foods concede that, by pleading issues or facts herein, that such issues and facts are relevant exclusively to affirmative defenses. Such issues and facts may also serve to negate the elements of Plaintiff's claims on which Plaintiff bears the burden of proof.

## FIRST DEFENSE

The Court may not adjudicate the claims asserted by Plaintiff, and must instead dismiss or stay this action and compel Plaintiff's claims to arbitration, because Plaintiff entered into a valid, binding, and enforceable Arbitration Agreement and Waiver that requires submission of all disputes, controversies, claims, grievances, and causes of action arising out of or relating to employment with Dot Foods, Dot Transportation, Inc., and/or their affiliates, including this action, to binding arbitration on solely an individual basis, and not as a class action, collective action, or representative action of any kind, such that Plaintiff's claims and this action in its entirety should be dismissed and/or stayed, and the asserted claims must be referred and compelled to arbitration for proceedings solely on an individual basis.

**SECOND DEFENSE**

Plaintiff may not assert any claims against Dot Foods as a class action, collective action, or representative action of any kind, and Plaintiff may not invoke or proceed under any procedures for such actions, in this action or otherwise, because Plaintiff waived and relinquished any such rights pursuant to an Arbitration Agreement and Waiver.

**THIRD DEFENSE**

Plaintiff's Complaint, and each and every alleged cause of action therein, fails to state a claim upon which any relief can be granted in that, among other things and without limitation, Plaintiff fails to plead facts plausibly establishing that Dot Foods violated BIPA, including by allegedly collecting, capturing, storing, or using any biometric identifiers or biometric information, including any "face geometry," of Plaintiff or any putative class member.

**FOURTH DEFENSE**

If and to the extent that Dot Foods is found to have collected, captured, obtained, stored, or used any biometric identifiers or biometric information, including any "face geometry," of Plaintiff or any putative class member, which Dot Foods expressly denies, any such collection, capture, obtaining, storage, or use was inadvertent and/or an isolated, unintentional occurrence and not done negligently, recklessly, knowingly, or intentionally, and thus the claims of Plaintiff and the putative class members fail.

**FIFTH DEFENSE**

If and to the extent that Dot Foods is found to have collected, captured, obtained, stored, or used any biometric identifiers or biometric information, including any "face geometry," of Plaintiff or any putative class member, which Dot Foods expressly denies, Plaintiff and/or one or

more of the putative class members consented to such collection, capture, obtaining, storage, or use, and thus the claims of Plaintiff and those putative class members fail.

**SIXTH DEFENSE**

Plaintiff's claims and requests for relief fail and/or are barred, in whole or in part, by the doctrines of release, waiver, estoppel, laches, and/or unclean hands, including to the extent that Plaintiff and/or one or more of the putative class members: (i) consented to, and voluntarily participated in, the alleged collection, capturing, obtaining, storage, and/or use any biometric identifiers or biometric information, including any "face geometry," including through their continued conduct in driving a truck containing the alleged dashcam technology; (ii) failed to timely object to the complained-of conduct prior to the filing of suit; and (iii) unreasonably delayed in the assertion of any purported claims against Dot Foods, thereby resulting in prejudice.

**SEVENTH DEFENSE**

Plaintiff's claims and requests for relief fail and/or are barred, in whole or in part, by the doctrines of ratification, acquiescence, and/or consent, including to the extent that Plaintiff and/or one or more of the putative class members: (i) consented to, and voluntarily participated in, the alleged collection, capturing, obtaining, storage, and/or use any biometric identifiers or biometric information, including any "face geometry," including through their continued conduct in driving a truck containing the alleged dashcam technology; and (ii) failed to timely object to the complained-of conduct prior to the filing of suit.

**EIGHTH DEFENSE**

Dot Foods denies any and all liability to Plaintiff and the putative class members. Should the trier of fact, however, find that Dot Foods is somehow liable to Plaintiff or the putative class members, which Dot Foods expressly denies, Dot Foods prays for an assessment and/or allocation

of fault to all parties responsible or potentially responsible for Plaintiff's alleged harm pursuant to all applicable laws. Plaintiff's and the putative class members' alleged losses, if any, were caused, or directly contributed to by, the negligence, contributory fault, comparative fault, or conduct of others for whose conduct Dot Foods is not responsible.

**NINTH DEFENSE**

Pursuant to any and all applicable law, Dot Foods is entitled to a credit and/or set off equal to the total amount for which Plaintiff or any of the putative class members have agreed to settle with any other defendant who may be named in Plaintiff's Complaint or any other person or entity who caused, contributed to, or is liable in any way for, any of Plaintiff's alleged losses, or for the total amount of consideration paid by such defendant(s) or person(s), whichever is greater. Said credit and/or set off includes all settlements with any other potential defendants or parties this action, pre-trial settlements, and post-trial settlements.

**TENTH DEFENSE**

Plaintiff and the putative class members are barred from recovering any damages or obtaining any equitable relief, completely or in part, under the doctrine of mitigation of damages, because Plaintiff and the putative class members failed to exercise ordinary care to limit, mitigate, or reduce their alleged harm, if any, and thereby sustained damages that would not otherwise have occurred, including to the extent that Plaintiff and/or one or more of the putative class members: (i) consented to, and voluntarily participated in, the alleged collection, capturing, obtaining, storage, and/or use any biometric identifiers or biometric information, including any "face geometry," including through their continued conduct in driving a truck containing the alleged dashcam technology; and/ or (ii) failed to timely object to the complained-of conduct prior to the filing of suit.

**ELEVENTH DEFENSE**

The claims of Plaintiff and the putative class members are barred to the extent that they arose outside the applicable statutes of limitations and/or statute of repose. Plaintiff and the putative class cannot seek recovery for alleged violations that took place prior to the limitations period under applicable law.

**TWELFTH DEFENSE**

To the extent Plaintiff and/or the putative class members allege that Dot Foods is liable under BIPA based on or for the acts of one or more third parties, Plaintiff's claims are barred. Dot Foods is not liable, jointly and severally or otherwise, for the actions of any third parties, whether by operation of *respondeat superior*, the law of agency, alter ego, common law joint and several liability, or any other theory of liability. Any such third parties are not the agents or alter egos of Dot Foods, and thus their actions or conduct cannot be imputed to Dot Foods, nor can Dot Foods be held liable for them. Alternatively, to the extent any third parties are deemed to be agents of Dot Foods, which Dot Foods expressly denies, any alleged actions or conduct of such third parties that Plaintiff seeks to impute to Dot Foods was outside the scope of the putative agency relationship, and thus Dot Foods cannot be held liable for any such actions or conduct.

**THIRTEENTH DEFENSE**

The alleged claims of Plaintiff and the putative class are preempted and thus fail as a matter of law to the extent that the alleged claims purport to impose requirements, duties, obligations, liabilities, or responsibilities on Dot Foods that are in conflict with, are inconsistent with, or purport to extend beyond those established by, any and all applicable federal laws, statutes, and regulations.

**FOURTEENTH DEFENSE**

If and to the extent that there is any finding that Dot Foods violated BIPA, which is expressly denied, Dot Foods nevertheless substantially complied with BIPA and acted in good faith, and thus the claims of Plaintiff and the putative class members are barred and/or any violation of BIPA, which Dot Foods expressly denies, can only be negligent, not intentional or reckless, thus precluding any award of increased damages.

**FIFTEENTH DEFENSE**

To the extent the Complaint seeks equitable relief against Dot Foods, such claims are barred because, among other reasons, Plaintiff and the putative class members have not suffered any irreparable harm and they have adequate remedies at law, including, because, for example, the Complaint alleges that Plaintiff and the putative class are entitled to damages for alleged violation of BIPA.

**SIXTEENTH DEFENSE**

Plaintiff's claim, and the claims of any putative class members, for statutory damages under BIPA constitute requests for exemplary and/or punitive damages that violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by, the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, among others, and comparable provisions of the Illinois Constitution, including because, among other reasons: (i) the liability that Dot Foods could possibly incur pursuant to the damages claimed by Plaintiff on behalf of the putative class (which Dot Foods expressly denies) are grossly disproportionate to the alleged actual harm, if any, allegedly suffered by any individual putative class member, such that the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution are violated; (ii) Plaintiff's claimed statutory damages are criminal in

nature, and the rights conferred on defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution are therefore applicable; (iii) Plaintiff's claimed statutory damages constitute a request for and/or imposition of an excessive fine and violation of the Eighth Amendment of the United States Constitution; and (iv) Plaintiff's claimed statutory damages constitute a subsequent imposition of excessive punitive-type damages against Dot Foods, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution.

**SEVENTEENTH DEFENSE**

This action fails to qualify as a class action because the putative class is overbroad and indefinite, the putative class members are not ascertainable or identifiable, and some or all of the putative class members signed binding and enforceable Arbitration Agreements and Waivers that require submission of all disputes, controversies, claims, grievances, and causes of action arising out of or relating to employment with Dot Foods, Dot Transportation, Inc., and/or any of their affiliates, including this action, to binding arbitration on solely an individual basis, and not as a class action, collective action, or representative action of any kind.

**EIGHTEENTH DEFENSE**

This action is barred, in whole or in part, because application of BIPA creates an undue burden on interstate commerce and therefore violates the United States Constitution, generally and as applied.

**NINETEENTH DEFENSE**

This action is barred, in whole or in part, to the extent it purports to require the Court to apply BIPA's requirements to activity occurring outside of Illinois, in violation of the United States Constitution, including its Dormant Commerce Clause.

**TWENTIETH DEFENSE**

To the extent that the injuries allegedly suffered by Plaintiff and any putative class member were accidental, occurred in the workplace, and arose out of their employment, they are compensable, if at all, under the Illinois Workers' Compensation Act to the extent they suffered actual injury. Accordingly, these claims are preempted or otherwise barred by that Act.

**TWENTY-FIRST DEFENSE**

This action is barred, in whole or in part, because BIPA's provisions, including, without limitation, its definition of "biometric identifier" and "biometric information," are unconstitutionally vague in violation of both the United States and Illinois Constitutions.

**TWENTY-SECOND DEFENSE**

This action is barred, preempted by, and subject to dismissal pursuant to, § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, if and to the extent that resolution depends on interpretation of any applicable collective-bargaining agreements covering Plaintiff and/or any putative class members.

**DEMAND FOR JURY TRIAL**

If and to the extent that this action is not compelled to arbitration for resolution on an individual basis, Dot Foods hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(a) as to all issues properly so triable.

**RESERVATION**

Dot Foods reserves the right to assert additional defenses, and to supplement or amend its existing defenses, as the facts of the case are revealed through further discovery and investigation.

WHEREFORE, having fully answered the Complaint, Dot Foods prays that the Court dismiss the Complaint with prejudice, award Dot Foods its costs, expenses, and reasonable attorneys' fees incurred herein, and award Dot Foods such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: November 25, 2024

By: /s/ Edward T. Pivin

Edward T. Pivin, IL Bar No. 6308081
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: (314) 612-7851
epivin@lewisrice.com

*Attorney for Defendant Dot Foods, Inc.*